UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDNA RAMSEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12CV1135 AGF |
| CENTRAL BANK OF ST. LOUIS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's complaint for subject matter jurisdiction. Jurisdiction appears to be lacking, and therefore, the Court will order Plaintiff to show cause why this action should not be dismissed.

Plaintiff claims she is bringing this case under the Fourteenth Amendment of the United States Constitution and the Truth in Lending Act ("TILA"). Plaintiff's sole allegation is "DEFENDANT CENTRAL BANK OF ST. LOUIS, [*sic*] CONSPIRED WITH THE CITY OF ST. LOUIS TO PUT PLAINTIFF OUT OF BUSINESS, [*sic*] AND TO EXTORT THE BUILDING AND PLACE OF BUSINESS LOCATED AT 4001-4009 GOODFELLOW, ST. LOUIS, MISSOURI-FROM [*sic*] OUR OWNERSHIP, DISPOSING OF ALL INVENTORY AND EQUIPMENT."

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

> A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Because this is a facial rather than a factual challenge to jurisdiction, [the court] determine[s] whether the asserted jurisdictional basis

is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the plaintiff.

Biscanin v. Merrill Lynch & Co., Inc. 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

The allegations in the complaint are legally frivolous, and therefore, patently meritless under Biscanin. Plaintiff may not bring a civil rights action against Defendant because Defendant is not a state actor and there are no non-conclusory allegations regarding the alleged conspiracy with the City of St. Louis. See 42 U.S.C. § 1983; Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993) (conspiracy). Moreover, there are no allegations in the complaint pertaining to the requirements of TILA. See 15 U.S.C. § 1601(a) (purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . ."). As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall show cause why this action should not be dismissed for lack of jurisdiction no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely respond to this Order, the Court will dismiss this action without further proceedings.

Dated this 25th day of June, 2012.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE