UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDNA RAMSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV1135 AGF |
| ) | |
| CENTRAL BANK OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of this action for subject matter jurisdiction. The Court previously found that subject-matter jurisdiction was lacking, and the Court ordered Plaintiff to show cause why this action should not be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure. Plaintiff has failed to demonstrate that the Court has jurisdiction over this matter, and therefore, the Court will dismiss this action without prejudice.

Plaintiff claims she is bringing this case under the Fourteenth Amendment of the United States Constitution and the Truth in Lending Act ("TILA"). The only named defendant is Central Bank of St. Louis, and Plaintiff's sole allegation is "Defendant CENTRAL BANK OF ST. LOUIS, [sic] CONSPIRED WITH THE CITY OF ST. LOUIS TO PUT Plaintiff OUT OF BUSINESS, [sic] AND TO EXTORT THE BUILDING AND PLACE OF BUSINESS LOCATED AT 4001-4009 GOODFELLOW, ST. LOUIS, MISSOURI-FROM [sic] OUR OWNERSHIP, DISPOSING OF ALL INVENTORY AND EQUIPMENT."

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

> A court does not obtain subject-matter jurisdiction just because a Plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is

appropriate. Because this is a facial rather than a factual challenge to jurisdiction, [the court] determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the Plaintiff.

<u>Biscanin v. Merrill Lynch & Co., Inc</u>. 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

The allegations in the complaint are legally frivolous, and therefore, patently meritless under <u>Biscanin</u>. Plaintiff may not bring a civil rights action against Defendant because Defendant is not a state actor and there are no non-conclusory allegations regarding the alleged conspiracy with the City of St. Louis. <u>See</u> 42 U.S.C. § 1983; <u>Mershon v. Beasely</u>, 994 F.2d 449, 451 (8th Cir. 1993) (conspiracy). Moreover, there are no allegations in the complaint pertaining to the requirements of the TILA. <u>See</u> 15 U.S.C. § 1601(a) (purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . .").

Moreover, the Court has reviewed the motions and documents filed by Plaintiff subsequent to the show cause order, and the Court finds that none of these papers demonstrate that subject matter jurisdiction exists.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

Dated this 14th day of August, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE